IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:19-CR-196-O |
| MICHAEL WEBB (01) | |

## GOVERNMENT'S RESPONSE TO WEBB'S MOTION FOR ACQUITTAL

Defendant Michael Webb re-urges his motion for acquittal pursuant to Rule 29 on the same basis he raised at the close of the government's evidence. The Court, having already considered the evidence and arguments, should summarily deny Webb's motion.

**Argument and Authority**

When reviewing a motion for acquittal, the Court must give great deference to the jury verdict. The relevant question is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Court should "assume that the evidence offered by the prosecution is true ... and weigh the evidence in a light most deferential to the verdict rendered by the jury." *Id.* (internal citation omitted).

Webb was charged by indictment with kidnapping a child, in violation of 18 U.S.C. § 1201. At trial, the government had to prove the following elements:

First:   That the defendant knowingly, acting contrary to law, seized, kidnapped, confined, abducted, carried away, or held MV1;

Second:   That at the time of the offense, MV1 was a child;

Third:     That the defendant was over the age of 18 and not a close relative;

Fourth:    That the defendant held the person for some purpose or benefit; and

Fifth:     That the defendant used any means, facility or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

At trial, the government presented evidence, through the testimony of Rachel Sweet, that her child, MV1, was kidnapped by a black male, bald, with caramel-colored skin. Sweet confirmed that Webb was a stranger and that he was not a close relative with authority to seize the child. Sweet identified a photograph of her daughter, who was eight years old at the time of the abduction.

Hotel footage showed defendant Webb with the same child, MV1, entering a hotel and going to his room. Hotel footage and testimony from law enforcement established that Webb matched the description provided by the mother, and that when they entered Webb's hotel room, they recovered MV1. An officer also testified that the person arrested at the hotel was the same Michael Webb who was located in a room outside of the courtroom because he voluntarily chose not to be present during the jury trial.

Testimony from a medical expert, nurse Jaclyn Monday, established the benefit Webb sought to receive from the kidnapping: sexual gratification. Moreover, FBI Special Agent Christopher Thompson testified that he interviewed Webb, who was approximately 51 years old, and that he was the same person indicted in this case and standing trial for the kidnapping. Webb's video-recorded statements were introduced, during which he admitted to kidnapping the child, that he was a stranger, that he sexually assaulted the child, and that he used his Samsung cell phone and Google to navigate to

the hotel during the kidnapping because he was unfamiliar with the route.

Special Agent Thompson also testified that he was familiar with android phones, and to use Google maps on a cell phone, it must be connected to the internet. Finally, the jury heard testimony from two witnesses at the hotel where Webb was discovered with the minor child. They testified that the hotel was part of a national chain, that they marketed to travelers across the country, that they had guests from other states, and that the hotel was purposely located off a major interstate highway to attract guests who may be traveling to different locations.

The evidence supports the jury's verdict, and therefore the defendant's motion should be denied.

                                            Respectfully submitted,

                                            ERIN NEALY COX
                                            UNITED STATES ATTORNEY

                                            *s/ Aisha Saleem*
                                            AISHA SALEEM
                                            Assistant United States Attorney
                                            Texas State Bar No. 00786218
                                            801 Cherry Street, Suite 1700
                                            Fort Worth, Texas 76102
                                            Telephone: 817-252-5200
                                            Facsimile: 817-252-5455
                                            Email: aisha.saleem@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 18th day of October, 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means: John J. Stickney.

      *s/ Aisha Saleem*
      AISHA SALEEM
      Assistant United States Attorney